UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CORALYS NEGRON and FRANCISCO NEGRON<br>　　Plaintiffs, | : : : : | CIVIL ACTION No.<br>17-CV-583 (JCH) |
| v. | : : | |
| PATRIOT AUTO SALES, LLC and JASON WINER,<br>　　Defendants. | : : : | JULY 11, 2017 |

**ORDER RE: MOTION FOR JUDGMENT (DOC. NO. 14)**

The plaintiffs, Coralys Negron and Francisco Negron ("the plaintiffs"), filed their Complaint on April 10, 2017, against both Patriot Auto Sales ("Patriot") and Jason Winer ("Winer"). Compl. (Doc. No. 1). On May 9, the plaintiffs moved for a default entry as the Patriot Auto Sales for failure to plead. See Mot. for Default For Failure to Plead (Doc. No. 9). On May 11, the court granted that Motion. See Order Granting Mot. for Default Entry (Doc. No. 10). Winer timely filed his Answer to the Complaint on May 15. See Answer (Doc. No. 12). Now before the court is the plaintiffs' Motion for Judgment. See Mot. for J. (Doc. No. 14).

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. However, because this matter involves multiple defendants, only one of whom has defaulted, the court must also look to Rule 54, which concerns the entry of Judgment. See Fed. R. Civ. P. §§ 54-55. Rule 54(b) empowers a court to enter judgment as to fewer than all claims against all parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. § 54(b). "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all

defendants have defaulted."  10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2690 (4th ed.2017) (citing <u>Frow v. De La Vega</u>, 82 U.S. 552 (1872)).

Here, the plaintiffs have alleged that Patriot and Winer have each individually violated the Truth in Lending Act, and jointly (1) breached the implied warranty of merchantability; (2) the express warranty allegedly made at sale; (3) the Retail Installment Sales Finance Act; and (4) the Connecticut Unfair Trade Practice Act.  <u>See</u> Compl. at 5-11.  Thus, for the majority of the claims in the Complaint, entering partial judgment against Patriot would be inappropriate because Patriot is allegedly jointly liable with Winer, who has appeared and answered the Complaint.  <u>See</u> Wright & Miller, <u>supra</u>, at § 2690.  For the Truth in Lending Act Violation, which the plaintiffs allege Patriot violated individually, the plaintiffs have failed to set forth a basis that there is no just reason for delay, and so the court cannot enter judgment as to Patriot with regards to that claim either.  <u>See</u> Fed. R. Civ. P. 54(b); Mem. in Supp. of Mot. for J. (Doc. No. 14-1) at 7-9.  Thus, the Plaintiffs' Motion for Judgment is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 11th day of July, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge