UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORALYS NEGRON ET AL

V.   CASE NO. 3:17-CV-00583 JCH

PATRIOT AUTO SALES, LLC, ET AL

OCTOBER 2, 2017

DEFENDANT'S OBJECTION TO
PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT

The Defendant Jason Winer objects to the Plaintiffs' Motion for Leave to Amend their complaint to assert new claims of "forgeries" on the very documents that defeats their claims against theDefendant Jason Winer.

Pursuant to FRCP 16(b) "good cause" does not exist for filing this Motion for Leave to Amend after the deadline of July 24, 2017 which deadline was agreed to by the parties in their planning report.

The documents that contain the alleged "forgeries" now set forth in the amended complaint were always available to the Plaintiffs for examination had the Plaintiffs exercised "due diligence." Plaintiffs knew or should have known at time the Plaintiffs' filed their original complaint in April of 2017 that the documents containing the alleged "forgeries" were available to them from

the Lender, United Consumer Finance, who provided Plaintiffs with a copy of the Retail Installment Sales Agreement which forms the primary basis of the Plaintiffs claims against the Defendant Jason Winer.

The Defendant Jason Winer submits as Exhibit A to this objection a Memorandum of Law in support of his position why the Plaintiffs' Motion for Leave to Amend should not be granted because of prejudice, lack of due diligence, and lack of good cause.

Plaintiffs have failed to comply with the July 24, 2017 deadline to amend pleadings as set forth in the parties planning report and no good cause exists to allow the Plaintiffs to amend their complaint in violation of the deadline set forth in the planning report.

Respectfully Submitted,

Defendant Jason Winer

BY _/s/ Lauren Winer Beck_

Lauren Winer Beck, Esq.
30 Ferry Boulevard Unit 2
Stratford, Connecticut 06615
P- 203-870-8254
F- 203-306-3275
Email: Laurenbec@aol.com
Fed Bar no. ct 29288

EXHIBIT A
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORALYS NEGRON ET AL

V.                                      CASE NO. 3:17-CV-00583 JCH

PATRIOT AUTO SALES, LLC, ET AL

OCTOBER 2, 2017

**MEMORANDUM OF LAW IN SUPPORT OF
OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND**

I.   Failure to Establish Good Cause

The Court should not allow the Plaintiffs to Amend their complaint because the Plaintiffs cannot demonstrate "good cause" pursuant to FRCP 16(b). The documents containing the alleged forgeries were obtainable had the Plaintiffs exercised due diligence in acquiring them directly from the United Consumer Finance, hereinafter "Lender," at or about the time the Plaintiffs filed the original complaint in this matter (United Consumer Finance is the Lender who provided credit to the Plaintiffs to purchase the vehicle which is the subject of this case at bar. United Consumer Finance is the Lender who created and produced the Retail Installment Sales Agreement which is also subject of this case at bar).

The "good cause" inquiry for the modification of a scheduling order turns on the diligence of the party seeking to modify the order. Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d. Cir. 2000). "A party is not considered to have acted diligently where the proposed

amendment is based on information that the party knew or should have known in advance of the motion deadline." Guilty v. Uniondale Union Free School District, 2014 WL 795576 at 2(EDNY February 27, 2014) The burden of showing diligence rests on the moving party. See Parker v. Columbia Pictures Industries 204 F.3d at 340.

The Plaintiffs fail to establish that they acted diligently in not getting all the financial documents from the Lender at the same time they got a copy of the Retail Installment Sales Contract which formed the primary basis of the this lawsuit against the Defendant Jason Winer. At or about the time the Plaintiffs filed the original complaint they had obtained a copy of the the Retail Installment Sales Contract from the Lender. Further, the Plaintiffs claim in the original complaint is that the Defendant Jason Winer did not provide them with a copy of the Retail Installment Sales Contract. It would have been reasonable, therefore, for the Plaintiffs to request all documents from the Lender at or before the time the original complaint was filed. The Plaintiffs could have through the exercise of due diligence requested any and all the financial documents from the Lender when the Plaintiffs' obtained a copy of the Retail Installment Sales Contract. Because the Plaintiffs' were not diligent in the obtaining the documents from the Lender that contained the alleged forgeries, they cannot establish the good cause required to amend the complaint pursuant to FRCP 16(b) and 15(a)(2).

**II. Prejudice to the Defendant Jason Winer**

The allowance of the amended pleading would cause prejudice to the Defendant Jason Winer. "In gauging prejudice", a Court considers, "whether an amendment would require the opponent to expend additional resources to conduct discovery and prepare for trial or significantly delay

the resolution of the dispute." <u>Raotolo v. City of New York</u>, 514 F.3d 184, 192 (2d. Cir. 2008) quoting <u>Block v. First Blood Assoc.</u>, 988 F.2d 344, 370 (2d Cir. 1993).

In the instant case, the deadline under the planning report to submit discovery requests is October 2, 2017 which has now passed. Both sides have submitted interrogatories and requests for production. The Plaintiffs have answered the Defendant's disclosure requests. The Defendant has until October 25, 2017 to file responses to the Plaintiffs' requests for disclosure. If the amendment is granted the Defendant would be forced to file additional disclosure requests that would upset the scheduling order and delay the proceedings and delay the resolution of this dispute. Further, the Defendant would have to file a new answer with affirmative defenses that would cause further delay and require a new planning report and scheduling order to be entered. All this is due, as stated in part I of this argument, to the lack of due diligence of the Plaintiffs.

WHEREFORE, The Plaintiffs motion for Leave to Amend their complaint should be denied.

Respectfully Submitted,

Defendant Jason Winer

BY _/s/ Lauren Winer Beck_

Lauren Winer Beck, Esq.
30 Ferry Boulevard Unit 2
Stratford, Connecticut 06615
P- 203-870-8254
F- 203-306-3275
Email: Laurenbec@aol.com
Fed Bar no. ct 29288

**CERTIFICATION OF SERVICE**

I hereby certify that on October 2, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by operation of the Court's electronic filing system.

Lauren Winer Beck, Esq.