UNITED STATES DISTRICT COURT
**DISTRICT OF CONNECTICUT**

CORALYS NEGRON ET AL

V.                                       CASE NO. 3:17-CV-00583 JCH

PATRIOT AUTO SALES, LLC, ET AL

OCTOBER 23, 2017

## MOTION TO COMPEL

Pursuant to FRCP 37(a)(3)(B)(iii) and (iv), Local Rules 37 and 7(a), the Defendant Jason Winer moves this Court for an order Compelling the Plaintiff Coralys Negron to answer and produce certain Interrogatories and Requests for Production more particularly described in the attached Memoranda.

Defendant Jason Winer

BY _____
Lauren Winer Beck, Esq.
30 Ferry Boulevard Unit 2
Stratford, Connecticut 06615
P- 203-870-8254
F- 203-306-3275
Email: Laurenbec@aol.com
Fed Bar no. ct 29288

UNITED STATES DISTRICT COURT
**DISTRICT OF CONNECTICUT**

CORALYS NEGRON ET AL

V.                                              CASE NO. 3:17-CV-00583 JCH

PATRIOT AUTO SALES, LLC, ET AL

OCTOBER 23, 2017

MEMORANDA PURSUANT TO LOCAL RULES OF
CIVIL PROCEDURE 37 AND 7(A)

BRIEF FACTUAL HISTORY

On July 24, 2017, the Defendant Jason Winer served Interrogatories and Request for Production on the Plaintiff Coralys Negron pursuant to FRCP Sections 33 and 34. The Plaintiff Coralys Negron thereafter filed a Motion for Extension of Time requesting until September 25, 2017 to file answers or objections to the Interrogatories and Requests for Production. The Motion for Extension of time was granted by Magistrate Merriam. On September 22, 2017 the Plaintiff Corlays Negron served on the Defendant Jason Winer answers and objections to the Interrogatories and Requests for Production. On October 13, 2017, the undersigned counsel for the Defendant Jason Winer had a telephonic conference with Attorney Brendan Mahoney, counsel for the Plaintiff Coralys Negron, to attempt in good faith to resolve the objections to the Interrogatories and Requests for Production. Counsel for the Defendant Jason Winer and

1

Counsel for the Plaintiff Coralys Negron were able to resolve some of the issues related to certain objections but were not able to resolve issues related to other objections. See Affidavit Pursuant to Local Rule 37 attached hereto as Exhibit A.

### SPECIFIC INTERROGATORIES AND REQUEST FOR PRODUCTION OBJECTED TO OF WHICH THE DEFENDANT JASON WINER SEEKS THE COURT TO COMPEL THE PLAINTIFF CORALYS NEGRON TO ANSWER OR PRODUCE.

**Interrogatory number 20 which states** "How much money did you spend in gas per week driving the vehicle to and from your employment from the time you purchased the vehicle until you returned the vehicle to the Bank.?"

The Defendant Jason Winer seeks an answer to Interrogatory number 20 because the Plaintiff Corlays Negron claims in her Complaint breach of express and implied warranties that the vehicle was not fit for the ordinary purpose for which cars are used from the date of purchase of the vehicle and misrepresentation of the condition of the vehicle in violation of the Connecticut Unfair Trade Practices Act. Specifically, the Plaintiff Coralys Negron claims in her complaint that the vehicle had a defective engine at the time of sale. Therefore, the amount of money the Plaintiff Corlays Negron spent on gas per week to and from her employment is relevant to show use of the vehicle which is inconsistent with the claim that the engine was defective at the time of sale.

2

**Interrogatory number 21 which states** " Did you use the vehicle to travel on vacation or other recreational activities from the time you purchased the vehicle until you returned the vehicle to the Bank.?"

The Defendant Jason Winer seeks an answer to Interrogatory number 21 because the Plaintiff Corlays Negron claims in her Complaint breach of express and implied warranties that the vehicle was not fit for the ordinary purpose for which cars are used for from the date of purchase of the vehicle and misrepresentation of the condition of the vehicle in violation of the Connecticut Unfair Trade Practices Act.  Specifically, the Plaintiff Coralys Negron claims in her complaint that the vehicle had a defective engine at the time of sale.  Therefore, if the Plaintiff Corlays Negron used the vehicle to travel on vacation or to other recreational activities this is relevant to show use of the vehicle which is inconsistent with the claim that the engine was defective at the time of sale.

**Interrogatory number 22 which states** " If the answer to question 21 is yes, please state where you drove the vehicle for vacation or other recreational activities."

The Defendant Jason Winer seeks an answer to Interrogatory number 22 because the Plaintiff Corlays Negron claims in her Complaint breach of express and implied warranties that the vehicle was not fit for the ordinary purpose for which cars are used for from the date of purchase of the vehicle and misrepresentation of the condition of the vehicle in violation of the

3

Connecticut Unfair Trade Practices Act. Specifically, the Plaintiff Coralys Negron claims in her complaint that the vehicle had a defective engine at the time of sale. Therefore, if the Plaintiff Corlays Negron used the vehicle to travel on vacation or to other recreational activities this is relevant to show use of thevehicle which is inconsistent with the claim that the engine was defective at the time of sale.

**Interrogatory number 23** which states " How often did you use the vehicle for grocery shopping, clothing shopping, and other daily chores from the time you purchased the vehicle until you returned the vehicle to the Bank.?"

The Defendant Jason Winer seeks an answer to Interrogatory number 23 because the Plaintiff Corlays Negron claims in her Complaint breach of express and implied warranties that the vehicle was not fit for the ordinary purpose for which cars are used for from the date of purchase of the vehicle and misrepresentation of the condition of the vehicle in violation of the Connecticut Unfair Trade Practices Act. Specifically, the Plaintiff Coralys Negron claims in her complaint that the vehicle had a defective engine at the time of sale. Therefore, if the Plaintiff Corlays Negron used the vehicle to go grocery shopping, clothing shopping and for other daily chores this is relevant to show use of the vehicle which is inconsistent with the claim that the engine was defective at the time of sale.

**Interrogatory number 24 which states** " Please identify any and all passengers with name and address who drove with you from the time you purchased the vehicle until you returned the vehicle to the Bank."

The Defendant Jason Winer seeks an answer to Interrogatory number 24 because the Plaintiff Corlays Negron claims in her Complaint breach of express and implied warranties that the vehicle was not fit for the ordinary purpose for which cars are used for from the date of purchase of the vehicle and misrepresentation of the condition of the vehicle in violation of the Connecticut Unfair Trade Practices Act. Specifically, the Plaintiff Coralys Negron claims in her complaint that the vehicle had a defective engine at the time of sale. Therefore, any passengers who drove with the Plaintiff Corlays Negron are relevant and potential witnesses in this case to defeat the claim that the engine of the vehicle was defective at the time of sale.

**Request for Production number 7** which states " Please produce a copy of the credit report used by the bank to approve your loan for the vehicle."

The Defendant Jason Winer seeks production or an authorization to obtain the Plaintiffs credit report because she claims as damages in her CUPTA count that she was hindered in obtaining another vehicle because of the debt owed to the Bank in this transaction and it is relevant to show why the the Plaintiff Corlays Negron needed to use a sub prime lender in this transaction .

5

Attached hereto as Exhibit B are the Interrogatories and Requests for Production in dispute.

Defendant Jason Winer

BY _____
Lauren Winer Beck, Esq.
30 Ferry Boulevard Unit 2
Stratford, Connecticut 06615
P- 203-870-8254
F- 203-306-3275
Email: Laurenbec@aol.com
Fed Bar no. ct 29288

CERTIFICATION OF SERVICE

I hereby certify that on October 24, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by operation of the Court's electronic filing system.

_____
Lauren Winer Beck, Esq.

EXHIBIT A

**AFFIDAVIT PURSUANT TO LOCAL RULE OF CIVIL PROCDURE 37(A)**

The undersigned being duly sworn hereby deposes and says:

1. I am over the age of eighteen years and believe in the obligation of an oath.

2. I am counsel for the Defendant Jason Winer in the matter entitled Coralys Negron and Francisco Negron v. Patriot Auto Sales LLC and Jason Winer pending in the US District Court District of Connecticut No. 3:17 CV-00583-JCH.

3. On October 13, 2017 at 2:00 PM I had a telephonic conference with Counsel for the Plaintiff Corlays Negron Attorney Brendan Mahoney.

4. The purpose of the conference was to try an resolve, without Court intervention, certain objections the Plaintiff Corlays Negron had to Interrogatories and Requests for Production served by the Defendant Jason Winer on the said Plaintiff on July 24, 2017.

5. The Plaintiff Coralys Negron agreed to answer interrogatories 17, 18, 19 and produce documents related to Request for Production number 6 and therefore withdraw her objections to the same.

6. The Plaintiff Coralys Negron will not answer and maintains her objections to Interrogatories 20,21,22,23 and 24 and Request for Production number 7.

_____
Lauren Winer Beck, Esq

Subscribed to and sworn before me on this 24th day of October 2017.

_____
Daniel H. Kryzanski
Commissioner of the Superior Court

EXHIBIT B

COPIES OF INTERROGATORIES AND REQUESTS FOR PRODUCTION IN DISPUTE

**ANSWER: OBJECTION.** The Plaintiff objects to this interrogatory as irrelevant and not likely to lead to the discovery of admissible evidence. The manner of usage of the vehicle is not relevant to the claims or any defenses. Notwithstanding the objection, Plaintiff refers to her response to interrogatory No. 1 concerning the amount of miles she drove the vehicle while it was in her possession.

19. If the answer to question 18 is yes, please state how many days a week you drove the Vehicle to and from your employment from the time you purchased Vehicle until you returned the Vehicle to the Bank.

    **ANSWER:** See objection and response to number 18 above.

20. How much money did you spend in gas per week driving the Vehicle to and from your employment from the time you purchased the Vehicle until you returned the Vehicle to the Bank?

    **ANSWER:** See objection and answer to number 18 above.

21. Did you use the Vehicle to travel on vacation or other recreational activities from the time you purchased the Vehicle until you returned the Vehicle to the Bank?

    **ANSWER:** See objection and answer to number 18 above.

22. If the answer to question 21 is yes, Please state where you drove the Vehicle for vacation or other recreational activities.

    **ANSWER:** See objection and answer to number 18 above.

23. How often did you use the Vehicle for grocery shopping, clothing shopping and other daily chores from the time you purchased the Vehicle until you returned the Vehicle to the Bank?

    **ANSWER:** See objection and answer to number 18 above.

24. Please identify any and all passengers, with name and address, who drove with you from the time you purchased the Vehicle until you returned the Vehicle to the Bank.

   **ANSWER:** See objection and answer to number 18 above.

25. Please state how many monthly payments you made to the Bank per the Contract from the date you purchased Vehicle to the date you returned the Vehicle to the Bank.

   **ANSWER:** 1.

          PLAINTIFF, CORALYS NEGRON -
          AS TO THE OBJECTIONS ONLY:

          By: _____
          Daniel S. Blinn  (ct 02188)
          Consumer Law Group, LLC
          35 Cold Spring Road, Suite 512
          Rocky Hill, CT  06067
          Tel: (860) 571-0408
          Fax: (860) 571-7457
          dblinn@consumerlawgroup.com

5. Please produce copies of any letters you wrote to the defendant or Patriot Auto Sales LLC revoking acceptance of the Vehicle.

**RESPONSE**: See letter from Attorney Daniel S. Blinn to defendant dated March 9, 2017 and produced with Plaintiffs' Rule 26(a) Disclosures.

6. Please produce copies of any social media postings via facebook, twitter, instagram or the like regarding any instance you mentioned the purchase of the Vehicle, the subject matter of this lawsuit, or any other postings related to the defendant or Patriot Auto Sales LLC.

**RESPONSE: OBJECTION**. The Plaintiff objects to this request as overly broad, irrelevant and not likely to lead to the discovery of admissible evidence. Instead, it is meant to harass the Plaintiff and constitutes a fishing expedition on the part of the defendant.

7. Please produce a copy of the credit report used by the Bank to approve your loan for the Vehicle.

**RESPONSE: OBJECTION**. The Plaintiff objects to this request as irrelevant and not likely to lead to the discovery of admissible evidence. The credit report used by the Bank has no relevance to the issues alleged in the Complaint. Notwithstanding the objection, none in Plaintiff's possession.

PLAINTIFF, CORALYS NEGRON -
AS TO THE OBJECTIONS ONLY:

By: _____
Daniel S. Blinn  (ct 02188)
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Tel: (860) 571-0408
Fax: (860) 571-7457
dblinn@consumerlawgroup.com