UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ | |
| CORALYS NEGRON and ) | CIVIL ACTION NO. |
| FRANCISCO NEGRON, ) | 3:17-CV-00583-JCH |
|     Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| PATRIOT AUTO SALES, LLC AND ) | |
| JASON WINER, ) | |
|     Defendants ) | |
| _____ ) | FEBRUARY 5, 2019 |

## PLAINTIFFS' AND DEFENDANTS' JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**

    For the Plaintiffs

    Daniel S. Blinn (ct02128)
    Consumer Law Group, LLC
    35 Cold Spring Road, Suite 512
    Rocky Hill, Connecticut 06067
    Tel. (860) 571-0408
    Fax (860) 571-7457
    dblinn@consumerlawgroup.com

    For the defendant Jason Winer

    Lauren Winer Beck (ct29288)
    30 Ferry Boulevard, Unit 2
    Stratford, CT 06615
    Tel.: (203) 870-8254
    Fax: (203) 306-3275
    laurenbec@aol.com

    For the defendant Patriot Auto Sales, LLC

    Patriot Auto Sales, LLC
    Defaulted

2.    **JURISDICTION**

This Court has original jurisdiction pursuant to 15 U.S.C. § 1640 and Fed. R. Civ.

P. 18(a). The Defendant Jason Winer contests the issue of Jurisdiction.

3.    **JURY/NON-JURY**

This case is to be tried to the court.

4.    **LENGTH OF TRIAL**

Counsel anticipate trial will be1-2 days.  Plaintiffs estimate that their presentation,

including cross-examination of witnesses, will be 4-5 hours.  Defendant Winer estimates

that his presentation, including cross-examination of witnesses, will be 5 hours.  Patriot

Auto has been defaulted, and the parties do not anticipate its attendance at trial.

5.    **FURTHER PROCEEDINGS**

None.

6.    **NATURE OF THE CASE**

**PLAINTIFFS' STATEMENT**:

Plaintiffs claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et

seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Connecticut

Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,*

and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-

110a *et seq.*, and for breach of warranty in connection with their purchase of a motor

vehicle from defendants.  Plaintiffs also allege claims for civil forgery under Conn. Gen. Stat. § 52-565, against Jason Winer.

The Plaintiffs allege that Winer was selling motor vehicles under the auspices of the dealer's license of Patriot Auto. They purchased a 2008 Subaru Impreza from Winer during that time. Plaintiff had problems with the Vehicle immediately after purchase, and she served notice of revocation of acceptance for breach of warranty.

Plaintiffs also allege TILA violations for selling the vehicle for more than the advertised price, failing to apply the full down payment to the purchase, failing to give Plaintiffs with a copy of the retail installment contract; failing to accurately itemize the amount financed and for improperly including the increased cost of the vehicle as part of the amount financed. The assert rescission due to violations of the Retail Installment Sales Finance Act as an alternative to their revocation claim.

Plaintiffs claim breach of warranties and violations of TILA, RISFA; and CUTPA. They seek actual damages, statutory damages of $2,000, statutory and common law punitive damages, attorneys fees and costs; and revocation of acceptance of the vehicle or, alternatively, an order rescinding the contract and a return of the down payment. They also claim double damage for civil forgery by Winer, who they claim signed their name to documents.

Defendant Patriot Auto was defaulted for its failure to appear in the lawsuit on May 11, 2017.

### a) Plaintiff's Claims Against Patriot Auto

#### 1. Truth in Lending Act

Plaintiffs allege Patriot Auto violated the Truth in Lending Act by charging more for the Vehicle than the advertised price, by failing to apply the full down payment to the purchase, by failing to accurately itemize the amount financed, by improperly including the increased cost of the Vehicle as part of the amount financed and not including it in the finance charge, and by failing to provide Plaintiffs with a copy of the Contract, which contained the required truth in lending disclosures, on the date they signed the documents in a form that they could keep. Plaintiffs claim actual damages plus statutory damages of $2,000, and attorney's fees and costs.

#### 2. Breach of Warranty

Plaintiffs allege that Patriot Auto breached the implied warranty of merchantability under Magnuson-Moss, Conn. Gen. Stat. § 42a-2-314 because a warranty that the Vehicle was in merchantable condition was implied by law in the sale to Plaintiffs. The Vehicle was not in merchantable condition at the time of sale to Plaintiffs and it was not fit for the ordinary purpose for which cars are used, because the Vehicle's engine was burning oil and defective. Plaintiffs claim that they are entitled to an order that they validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608, and they are entitled to a refund of the $2,000 down payment, plus attorney's and costs under Magnuson-Moss, 15 U.S.C. § 2310(d).

#### 3. Breach of Express Warranty

Plaintiffs allege that Patriot Auto breached the express warranty because the Vehicle had a defective engine at the time of sale. Plaintiffs claim that they are

entitled to an order that they validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608, and they are entitled to a refund of the $2,000 down payment, and they are entitled to punitive damages because the breach of express warranty was knowing, reckless and tortious in nature.

4.  Retail Installment Sales Finance Act (alternative to revocation of acceptance)

Plaintiffs allege that Patriot Auto violated RISFA, Conn. Gen. Stat. § 36a-771(a) which requires that all essential provisions of the contract be included in the Retail Installment Contract, by inaccurately listing the amount paid for a down payment, failing to accurately state the amount financed, and by failing to identify Winer as the true original party to the Contract. Plaintiffs further allege that Patriot Auto's TILA violations and its failure to provide Plaintiffs with a copy of the retail installment contract also violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b). Plaintiffs claim, as an alternative to their revocation of acceptance claim, that they are entitled to a rescission of the Contract and a return of their $2,000 down payment.

5.  Connecticut Unfair Trade Practices Act

Plaintiffs claim Patriot Auto violated CUTPA by its TILA and RISFA violations, by permitting Winer to operate an unlicensed dealership under the auspices of Patriot Auto's license, by failing to credit the full down payment, by misrepresenting the condition of the Vehicle, by selling the Vehicle for more than the advertised price, and by failing to provide Francisco with written notice of his rights and obligations as a cosigner.  Plaintiffs seek their actual damages of $2,000 for the down payment, plus

punitive damages and attorney's fees and costs.  Plaintiffs also seek a rescission of the retail installment contract as an equitable remedy under CUTPA.

### Claims against Jason Winer

1. Truth in Lending Act

Plaintiffs allege Winer violated the Truth in Lending Act by charging more for the Vehicle than the advertised price, by failing to apply the full down payment to the purchase, by failing to accurately itemize the amount financed, by improperly including the increased cost of the Vehicle as part of the amount financed and not including it in the finance charge, and by failing to provide Plaintiffs with a copy of the Contract, which contained the required truth in lending disclosures, on the date they signed the documents in a form that they could keep.  Plaintiffs claim actual damages plus statutory damages of $2,000, and attorney's fees and costs.

2. Breach of Warranty

Plaintiffs allege that Winer breached the implied warranty of merchantability under Magnuson-Moss, Conn. Gen. Stat. § 42a-2-314 because a warranty that the Vehicle was in merchantable condition was implied by law in the sale to Plaintiffs.  The Vehicle was not in merchantable condition at the time of sale to Plaintiffs and it was not fit for the ordinary purpose for which cars are used, because the Vehicle's engine was burning oil and defective.  Plaintiffs claim that they are entitled to an order that they validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608, and they are entitled to a refund of the $2,000 down payment, plus attorney's and costs under Magnuson-Moss, 15 U.S.C. § 2310(d).

6

3.  Breach of Express Warranty

Plaintiffs allege that Winer breached the express warranty because the Vehicle had a defective engine at the time of sale.  Plaintiffs claim that they are entitled to an order that they validly and effectively revoked acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608, and they are entitled to a refund of the $2,000 down payment, and they are entitled to punitive damages because the breach of express warranty was knowing, reckless and tortious in nature.

4.  Retail Installment Sales Finance Act (alternative to revocation of acceptance)

Plaintiffs allege that Winer violated RISFA, Conn. Gen. Stat. § 36a-771(a) which requires that all essential provisions of the Contract be included in the Retail Installment Contract, by inaccurately listing the amount paid for a down payment, failing to accurately state the amount financed, and by failing to identify Winer as the true original party to the Contract. Plaintiffs further allege that Winer's TILA violations and his failure to provide Plaintiffs with a copy of the retail installment contract also violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).  Plaintiffs claim, as an alternative to their revocation of acceptance claim, that they are entitled to a rescission of the Contract and a return of their $2,000 down payment.

5.  Civil Forgery

Plaintiffs allege that Winer committed civil forgery by signing Plaintiffs' names to the purchase order, credit application and automatic loan payment authorization forms and knowingly presenting them to UCF in order to complete the

7

transaction.  Plaintiffs claim double their damages under Conn. Gen. Stat. § 52-565 of $4,000.

> 6. <u>Connecticut Unfair Trade Practices Act</u>

Plaintiffs claim Winer violated CUTPA by its TILA and RISFA violations, by permitting Winer to operate an unlicensed dealership under the auspices of Patriot Auto's license, by failing to credit the full down payment, by misrepresenting the condition of the Vehicle, by selling the Vehicle for more than the advertised price, and by failing to provide Francisco with written notice of his rights and obligations as a cosigner.  Plaintiffs seek their actual damages of $2,000 for the down payment, plus punitive damages and attorney's fees and costs.  Plaintiffs also seek a rescission of the Contract as an equitable remedy under CUTPA.

**<u>DEFENDANT JASON WINER'S STATEMENT</u>:**
***Defendant's Claims:***

The Defendant Jason Winer was not the owner of the Defendant Patriot Auto Sales LLC at the time the Plaintiffs purchased the vehicle subject of this lawsuit.  The Defendant Jason was selling vehicles under the Dealer License of Patriot Auto Sales LLC and he was a salesman at the time of the purchase of the subject vehicle by the Plaintiffs.

The Plaintiffs came to purchase the subject vehicle from Brendan Smith's face book page who was a fellow co-worker of the Plaintiff Coralys Negron. Brendan Smith is the son of the female partner of the Defendant Jason Winer.

The Defendant Jason Winer did not advertise the subject vehicle for the price of $8,500.00 as depicted on the face book page of Brendan Smith. The Defendant Jason Winer did not authorize Brendan Smith to post the subject vehicle on his face book page for the price of $8,500.00. Patriot Auto Sales LLC did not advertise the subject vehicle for the price of $8,500.00.

On October 27, 2016 the Plaintiff Coralys Negron gave the Defendant Jason Winer a deposit of $2,000.00 toward the purchase of the subject vehicle. This deposit was reflected in a Purchase Order dated October 27, 2016 which showed a sale price of the subject vehicle of $8,995.00. This Purchase Order receipt was signed by the Plaintiff Coralys Negron. This Purchase Order was solely for the purpose of giving the Plaintiff Coralys Negron a receipt for her $2,000.00 payment.

On October 27, 2016 the Plaintiff Coralys Negron signed an Indirect Consumer Loan Application which is a credit application to finance the balance of the purchase price. At the time of the signing of the Indirect Consumer Loan Application the Plaintiff Coralys Negron agreed that only $1,000.00 of her $2,000.00 deposit would be used for a down payment of the subject vehicle. The Plaintiff Coralys Negron further agreed that the balance of the $2,000.00 deposit, the other $1,000.00, would be used for additional charges incurred by the Defendant Jason Winer.

The initial loan application signed by Coralys Negron was rejected by the lender United Consumer Finance "UCF" due to her credit history. The Plaintiff Coralys Negron was required to retain a co-signor. The Plaintiff Francisco Negron agreed to co-sign for the loan and the Defendant Jason Winer was able to obtain financing thru the lender UCF.

In November of 2016 the Plaintiff Coralys Negron and the Defendant Jason Winer executed a Purchase Order.  This Purchase Order shows the subject vehicle was purchased "as is" by the Plaintiff Coralys Negron.  The Plaintiff Coralys Negron signed this Purchase Order and agreed to its terms that the vehicle was sold "as is."

On November 3, 2016 the Defendant Jason Winer met the Plaintiffs at their home to obtain their signatures on the Retail Installment Contract and Security Agreement  that listed the Plaintiffs as the buyers of the subject vehicle and Patriot Auto Sales LLC as the seller/creditor.  Patriot Auto Sales LLC as the seller/ creditor is on the face of the indebtedness.

This Retail Installment Contract and Security Agreement showed a cash down payment of $1,000.00 and a total amount financed of $9,423.17.

The Retail Installment Contract and Security Agreement required the Plaintiffs to make 40 payments of $319.74 commencing December 3, 2016.  On November 5, 2016 the Plaintiff Coralys Negron had signed an Automatic Loan Payment Authorization allowing Bank of America to pay the lender UCF the monthly car payment of $319.74 beginning December 3, 2016 as reflected in the Retail Installment Contract and Security Agreement.  This authorized UCF to electronically withdraw the car payment from the Plaintiffs checking account at Bank of America.  On December 6, 2016 UCF did in fact withdraw the sum of $319.74 from the Bank of America checking account of Coralys Negron for the first car payment.

The Retail Installment Contract and Security Agreement was assigned to UCF the day of its execution which was on November 3, 2016.  The Plaintiffs were provided a copy of the Retail Installment Contract and Security Agreement.

The odometer statement on the Retail Installment Contract and Security Agreement showed mileage on the subject vehicle of 142,211.00.  The odometer statement signed the Plaintiff Coralys Negron showed mileage of 142,617.  This slight error of only 406 miles was a scriveners error only.

On or about November 3, 2016 when at the time the Plaintiff Coralys Negron took delivery of the subject vehicle it was not defective and was in good working condition and was operable.

In November of 2016 Plaintiff Coralys Negron contacted the Defendant Jason Winer and told him the vehicle was leaking oil.  The Defendant Jason Winer told the Plaintiff Coralys Negron that it was normal for a Subaru to burn oil and instructed her to refill the oil and drive the vehicle for a week.   On November 25, 2016 the Plaintiff Coralys Negron called the Defendant Jason Winer and told him she did not want to keep the subject vehicle because she felt the engine was bad.  The Defendant Jason Winer told the Plaintiff Coralys Negron to take the vehicle to a Subaru dealer.  On November 30, 2016 the Plaintiff Coralys Negron took the vehicle to Dan Perkins Subaru in Milford, Connecticut.  Shortly after the Plaintiff Coralys Negron brought the vehicle to Dan Perkins Subaru she contacted the Defendant Jason Winer.  The Plaintiff Coralys Negron during this phone conversation swore at the Defendant Jason Winer and told him she was going to sue him.  The Plaintiff Coralys Negron did not allow the Defendant Jason Winer to cure any of alleged defects of the vehicle.

The Plaintiff Coralys Negron admitted in her interrogatory answer dated September 7, 2017 that she drove the subject vehicle in excess of 3000 miles prior to the vehicle being taken back by the lender UCF in March of 2017.  On November 8, 2017 the Plaintiff Coralys Negron then improperly attempted to change this interrogatory answer by filing a supplemental interrogatory answer which was unsigned and not executed under oath.

On March 9, 2017 the Plaintiffs attempted through their Attorney to revoke acceptance of the purchase of the subject vehicle.  This was four months after the Plaintiff Coralys Negron took delivery of the vehicle and had driven the vehicle in excess of 3000 miles.

On April 10, 2017 the Plaintiffs reached an agreement entitled  " Settlement and Covenant Not to Sue Agreement" with the lender UCF whereby the Retail Installment Contract and Security Agreement would be rescinded and was rescinded.  The Plaintiffs also received payment of $2,000.00 from UCF.

Therefore, the Defendant Jason Winer could not give the remedy of rescission as the Retail Installment Contract and Security Agreement was in fact already rescinded on April 10, 2017 as between UCF and the Plaintiffs which April 10, 2017  was the very same  date of the original complaint against the Defendant Jason Winer.


**<u>DEFENDANT PATRIOT AUTO'S STATEMENT</u>**:
***Defendant's Claims:***


**(b) <u>Identify the claims that will be pursued at trial</u>**

Plaintiffs seek to pursue all claims set forth in their amended complaint against both defendants.

**(c)  Defenses that will be pursued at trial**

The Defendant Jason Winer claims in his special defense that he is not a creditor pursuant to 15 U.S.C. 1602(g) and therefore this Court lacks subject matter jurisdiction to hear this matter before it.

The Defendant Jason Winer denies each of the  Plaintiffs' causes of action as set forth in the amended complaint.

**(d)  Joint Statement of the Case That May Be Read to the Jury**

Not applicable.

**7.  TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to a trial by a Magistrate Judge.

**8.  LIST OF WITNESSES**

(a) Plaintiffs' Witnesses

1.  Coralys Negron, Plaintiff.  Ms. Negron resides at 300 Hawthorne Avenue, Derby, Connecticut 06418.  Ms. Negron will testify regarding the purchase of the vehicle, events related to the transaction, the inspection of the vehicle, and her damages.

2.  Francisco Negron, Plaintiff.  Mr. Negron resides at 300 Hawthorne Avenue, Derby, Connecticut 06418.  He will testify regarding the purchase of the vehicle, the events related to the transaction, and his damages.

3.  Jason Winer, Defendant.  Mr. Winer is the salesperson that sold the Vehicle to the Plaintiffs.  He is expected to testify regarding his arrangement with Patriot Auto to run the dealership, the advertisement and sale of the Vehicle to Plaintiffs, receipt and amount of the down payment by Plaintiffs, the submission of Plaintiffs' credit applications, and his conversations with Plaintiffs regarding the condition of the Vehicle before sale and the problems with the Vehicle after sale.

4. <u>Patriot Auto Sales LLC,</u> Defendant.  Patriot Auto is located at 1656 Park Avenue, Bridgeport, Connecticut 06604.  Its members, Alfio Furnari and Thomas J. Furnari, may be called to testify concerning the relationship between Patriot Auto Sales and Winer, and the sale of the Vehicle to Plaintiffs.

5. <u>Abdel (Last Name Unknown).</u> Abdel, last name and undress unknown, can be reached at (203) 540-2619.  Abdel is a former or current individual running the dealership known as Patriot Auto.  He may be called to testify regarding Patriot Auto's rental of its dealership to third parties, including the rental of the dealership to Winer.

6. <u>Dan Perkins Subaru Inc.</u> Dan Perkins Subaru is located at 1 Boston Post Road, Milford, Connecticut 06460.  A representative of Dan Perkins Subaru Inc. may be called to testify about its inspection and/or servicing of the vehicle that is the subject of the lawsuit, and may have knowledge regarding the condition of the vehicle.

(b) <u>Defendant Winer's Witnesses</u>

The witnesses named by the Plaintiffs and additionally:

1. A representative of the Lender UCF 150 West Grove Street Middleboro MA 02346 who may be called to testify as to the loan transaction with the Plaintiffs, condition of the vehicle at time of repossession of the vehicle , disposition and sale of the subject vehicle  and the settlement agreement entered into with the Plaintiffs.

(c) <u>Defendant Patriot Auto's Witnesses</u>

Not applicable.

9.    **DEPOSITION TESTIMONY**

The parties do not anticipate testimony by deposition at trial but reserve the right to utilize transcripts for purposes of impeachment.

10.    **INTERROGATORIES/REQUESTS TO ADMIT**

*List any interrogatories or request to admit, and answers thereto, specifying the appropriate portions thereof that any party intends to offer at trial as evidence for purposes other than impeachment or cross-examination.  Any objection to the introduction of any of the foregoing shall be filed with the court in writing, together with a citation of authorities in support of the specific ground of objection, no later than 4 days prior to the pretrial conference or such objection shall be deemed to have been waived.*

Plaintiffs: See Defendant Jason Winer's response to Interrogatory 17 that he had an arrangement with Patriot Auto Sales to sell cars and manage the Patriot Auto Sales car lot.

Defendant Winer: Plaintiff Coralys Negron's Interrogatories answer to question number 1 dated September 7, 2017 where she admits driving the vehicle in excess of 3000 miles.

11.    **EXHIBITS.**

Plaintiff's Exhibits:

1.    Vehicle advertisement, showing advertised price of $8,500.

2.    Retail Purchase Order, handwritten, showing cash sale price of $8,995.00 and deposit of $2,000.

15

3.  Retail Installment Contract, showing Buyer(s) as Coralys M. Negron and Francisco Negron, the price of the vehicle of $9,585.17 (including sales tax of $590.17), $1,000 cash down payment, various other charges and fees, and assignment to United Consumer Finance, Inc.

4.  Purchase Order, handwritten, with forged signatures. (Exh I from Winer depo)

5.  Indirect Consumer Loan Application showing forged signatures.

6.  Automatic Loan Payment Authorization showing forged signature.

7.  CT Licensed Dealer Vehicle Inspection Form K-208, showing all areas of inspection passed.

8.  Dan Perkins Subaru, Inc. invoice for service shows the oil feedline leaking oil, the engine making a knocking noise, leaking struts that need replacement, air conditioning noises.

9.  Letter from Consumer Law Group to defendants dated March 9 2017, showing Plaintiffs' notice of revocation of acceptance of the vehicle, or alternatively, rescission of the contract.

10. United Consumer Finance Funding Notification, showing dealer name as Patriot Auto Sales and Dealer Contact as Jason Winer, as well as approval of the loan for Coralys and Francisco Negron.

11. Settlement and Covenant Not to Sue Agreement with United Consumer Finance, Inc. dated April 10, 2017.

12. Defendant Jason Winer's interrogatory responses showing Winer had an arrangement with Patriot Auto Sales to sell cars and manage its lot.

Defendant's Exhibits:

A.  The Face book page of Brendan Smith showing price of $8,500.00

B.  Interrogatory response of Plaintiff Coralys Negron admitting she drove the subject vehicle in excess of 3000 miles.

C.  The odometer statement showing mileage of the vehicle at time of purchase was 142,617.

D.  Bank statement from Bank of America of Plaintiff Coralys Negron showing deduction of $319.74 which was the first car payment amount to UCF.

E.  Letter from UCF that subject vehicle was repossessed.

F.  Document from UCF which shows condition of the vehicle at time of repossession.

G.  Document from UCF which shows sale of vehicle after repossession.

H.  Retail Installment Contract and Security Agreement dated November 3, 2016.

I.  Purchase Order receipt dated October 27, 2016.

J.   Indirect Consumer Loan Application dated October 27, 2016.

K.   Purchase Order dated November 2016.

L.  Automatic Loan Payment Authorization dated November 5, 2016.

M.  Settlement and Covenant Not to Sue Agreement dated April 10, 2017.

**12. ANTICIPATED EVIDENTIARY PROBLEMS**

*Identify a list of any other evidentiary problems anticipated by any party, together with memoranda of fact and law addressing the same.*
None.

**13. MOTIONS IN LIMINE**

Plaintiff: None.

Defendant Jason Winer intends to file a motion in limine contesting the admission of the Plaintiffs Exhibit an estimate/invoice from Dan Perkins Subaru.

*File separately, in conjunction with the final pretrial memo, all motions in limine together with memoranda of authorities in support.  A copy of any such motion shall be served on opposing counsel before the final pretrial memo is due. Memo in opposition due 5 days before pretrial or 21 days after motion is filed, whichever is sooner.  Any objections to expert testimony shall be made in a motion in limine with a supporting MOL.*
None.

**14. GLOSSARY**

None.

*If any party intends to present testimony or other evidence which will include medical or technical terms, the offering party shall file with the court, at least 1 day prior to pretrial, a glossary of such terms.*

18

15. <u>**TRIAL TO COURT – STIPULATION OF UNCONTROVERTED FACTS AND AGREED STATEMENT OF THE CONTESTED ISSUES OF FACT AND LAW**</u>

<u>**Uncontroverted Facts**</u>

1.    At some time prior to October 2016, Jason Winer entered into an arrangement with Patriot Auto whereby Winer would operate the car dealership in his own capacity under Patriot Auto's name and dealership license.

2.    Winer made all operational decisions, invested in  inventory, and all profits and losses would inure to him.

3.    Patriot did not supervise Winer, but had full knowledge that he was operating under its auspices.

4.    Jason Winer and Patriot Auto subsequently discontinued this arrangement.

5.    Coralys Negron met with Jason Winer.

6.    Coralys Negron told Jason Winer she was willing to overlook the condition of the outside of the Vehicle as long as the engine was good and did not have any major issues.

7.    Jason Winer assured Coralys Negron that the Vehicle's engine was in good condition.

8.    Coralys Negron paid Jason Winer a down payment of $2,000 for the Vehicle.

9.    Coralys Negron completed a credit application to finance the balance of the purchase price.

10.    Jason Winer prepared a handwritten Purchase Order that indicated a cash price of $8,995.00 and included the $2,000 down payment paid by Coralys Negron.

11.     Jason Winer later informed Coralys Negron that he could not obtain approval of her credit application and that she was required to obtain a cosigner.

12.     Francisco Negron agreed to co-sign for the loan, and Jason Winer was able to obtain credit approval from United Consumer Finance.

13.     On or about November 8, 2016, Jason Winer met with Plaintiffs at their home to obtain their signatures on the Retail Installment Contract that listed the Plaintiffs as the Buyers and Patriot Auto as the Seller/Creditor.

14.     The Retail Installment Contract provided that the cash price of the Vehicle, including the sales tax of $590.17, was $9,585.17, which was consistent with the $8,995 cash price stated in the initial purchase order.

15.     In the itemization of the amount financed, the Retail Installment Contract credited the Plaintiffs with a down payment of only $1,000 even though $2,000 had been paid.  This resulted in an amount financed of $9,423.17.

16.     The Retail Installment Contract was assigned to United Consumer Finance.

17.     Coralys Negron subsequently took delivery of the Vehicle.

18.     On or about November 25, 2016, Coralys Negron called Jason Winer, and she told him she did not want to keep the Vehicle because the engine was bad, and he instructed her to bring the Vehicle to a Subaru dealership for inspection.

19.     Neither Winer nor Patriot Auto have refunded to Plaintiffs the $2,000 down payment.

**Contested Issues of Fact and Law**

1.     Whether Jason Winer identified himself as the owner of Patriot Auto to Plaintiffs.

2.     Whether Jason Winer or Patriot Auto provided Plaintiffs with a copy of the

Retail Installment Contract and the disclosures required under 15 U.S.C. § 1638.

3.      Whether the Vehicle was defective at the time of sale to Plaintiffs.

4.      Whether Jason Winer forged Plaintiffs' signatures to a purchase order, a consumer loan application, and an automatic loan payment authorization.

5.      Whether Plaintiffs authorized Jason Winer to sign on their behalf a purchase order, a consumer loan application, and an automatic loan payment authorization.

6.      Whether Coralys Negron brought the Vehicle to Dan Perkins Subaru, whether Dan Perkins Subaru determined that the turbo feed line was leaking oil, the engine had a knocking noise, the struts were leaking and needed to be replaced, and the air condition was making a noise; whether Dan Perkins gave an estimate of $6,700 to tear down the engine and make repairs.

7.      Whether Plaintiffs, by their attorney, sent written notice on March 9, 2017 to Patriot Auto that they had revoked acceptance of the vehicle due to breach of warranty or alternatively, elected to rescind the contract due to violations of RISFA, and that Patriot Auto could retrieve the Vehicle, which could not longer be driven.

8.      Whether the defendants have been restored to their pre-contractual position as nearly as possible.

9.      Whether Jason Winer forged Plaintiffs' signatures on documents.

10.     Whether the Defendant Jason Winer is a creditor pursuant to 15 U.S.C. 1602(g).

11.     Whether the Plaintiff Coralys Negron drove the subject vehicle in excess of 3000 miles prior to the vehicle being  repossessed by the lender UCF.

12.     Whether the Plaintiffs signed an Indirect Loan Application dated October 27, 2016.

13.     Whether the Plaintiff Coralys Negron signed a Purchase Order dated November of 2016 agreeing that the subject vehicle was sold "as is."

21

14.     Whether the Plaintiff Coralys Negron signed an automatic withdrawal form from Bank of America dated November 5, 2016.

15.      Whether the subject vehicle was repossessed by the lender UCF for nonpayment of car payments.

16.     Whether the Retail Installment Contract and Security Agreement was already rescinded by the Plaintiffs and UCF on April 10, 2017, which was the same date the Plaintiffs brought a lawsuit against the Defendant Jason Winer asking for rescission of the loan agreement.

17.     Whether the $1,000.00 cash down payment listed in the Retail Installment Contract and Security Agreement was the proper amount used toward the financing of the loan obligation of the Plaintiffs.

18.     Whether the face book post of Brendan Smith showing the subject vehicle with a price of $8,500.00 constitutes an advertisement from the Defendant Jason Winer.

19.     Whether the subject vehicle was defective on November 3, 2016 the date of the purchase of the vehicle by the Plaintiffs.

### **Plaintiff's Proposed Findings of Fact and Conclusions of Law**

1.     Winer and Patriot violated the Truth in Lending Act by charging more for the Vehicle than the advertised price, by utilizing a cash price that was greater than the advertised amount, and by failing to apply the full down payment to the purchase. Some or the entire increased price was added as an incident to the extension of credit because UCF, a subprime lender, charged a fee to accept assignment of the contract. This increased price would not have been charged in a comparable cash transaction to purchase the vehicle and it was not disclosed that this increased price was a finance charge.

2.     Winer and Patriot violated the Truth in Lending Act by failing to provide

Coralys Negron and Francisco Negron with copies of the contract documents that included the disclosures mandated by 15. U.S.C. § 1638.

3.     Winer and Patriot violated the Retail Installment Sales Finance Act by inaccurately listing the amount paid for a down payment, failing to accurately state the amount financed, and by failing to provide Plaintiffs with a copy of the Contract.

4.     Jason Winer committed forgery when he forged Plaintiffs' signature on a purchase order, a consumer loan application, and an automatic loan payment authorization.

5.     The implied warranty of merchantability applied to this transaction.

6.     There were breaches of the implied warranty of merchantability.

7.     There were express warranties.

8.     There were breaches of express warranties.

9.     Jason Winer's actions constituted violations of the Connecticut Unfair Trade Practices Act for which Plaintiffs have suffered an ascertainable loss.

10.    Plaintiffs are entitled to the return of their down payment of $2,000.

11.    Plaintiffs are entitled to statutory damages of $2,000 under the Truth in Lending Act.

12.    Plaintiffs are entitled to attorney's fees pursuant to the Truth in Lending Act and Magnuson-Moss.

13.    Plaintiffs are entitled to punitive damages pursuant to the Connecticut Unfair Trade Practices Act.

14.    Plaintiffs are entitled to an order that they validly and effectively revoked acceptance of the Vehicle, or in the alternative, an order granting rescission of the contract.

15.    Plaintiffs are entitled to post judgment interest pursuant to Conn. Gen. Stat. § 37-3a at the rate of 10%.

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Defendant Jason Winer is not a creditor pursuant to 15 U.S.C. 1602(g) and therefore this Court does not have subject matter jurisdiction over the Defendant Jason Winer.

2. The Defendant Jason Winer did not violate the Truth and Lending Act by charging more than the advertised price because the Defendant Jason Winer did not advertise the price of the subject vehicle on the face book page Brendan Smith.

3. The Defendant Jason Winer did not violate the Truth in Lending Act because he gave a copy of the Retail Installment Contract and Security Agreement to the Plaintiffs.

4. The Defendant Jason Winer did not violate Retail Installment Sales Finance Act because the $1000.00 down payment listed in the Retail Installment Contract and Security Agreement was accurately depicted and was agreed to by the Plaintiffs.

5. The Defendant Jason Winer did not commit civil forgery because the Plaintiffs signed the Indirect Consumer Loan Application dated October 27, 2016, the Purchase Order dated November of 2016 and Automatic Bank Withdrawal Form dated November 5, 2016.

6. The Implied warranty of merchantability does not apply to the Plaintiffs because the subject vehicle was sold "as is."

7. The Defendant Jason Winer did not breach any express warranty because at the time of sale of the subject vehicle it was in good condition.

24

8. The Plaintiffs received $2000.00 from UCF which represented return of their down payment on or about April 10, 2017.

9. The Plaintiffs did not properly revoke acceptance of the subject vehicle by waiting 4 months from the date of purchase of the vehicle to attempt to revoke acceptance.

10. The Plaintiffs are not entitled to the remedy of rescission from the Defendant Jason Winer because the Retail Installment Contract and Security Agreement was already rescinded on April 10, 2017 by UCF

**16. <u>MANDATORY NOTICE RE: USE OF ELECTRONIC EQUIPMENT IN COURTROOM</u>**

None.

*(If any party intends to use electronic equipment in the presentment of evidence, or their case in general, notice must be given to the Deputy Clerk assigned to Judge Hall (Diahnnn Lewis) which notice must describe such use and the needs of the party, if any.  Further, counsel must represent that they are (or will be) familiar with, and skilled in, the use of such electronic equipment before the start of trial.)*

PLAINTIFFS, CORALYS NEGRON and
FRANCISCO NEGRON

By: /s/ *Daniel S. Blinn*
     Daniel S. Blinn (ct02188)
     dblinn@consumerlawgroup.com
     Consumer Law Group, LLC
     35 Cold Spring Rd. Suite 512
     Rocky Hill, CT  06067
     Tel. (860) 571-0408
     Fax (860) 571-7457


DEFENDANT, JASON WINER

By: /s/ *Lauren Winer Beck*
     Lauren Winer Beck (ct29288)
     30 Ferry Boulevard Unit 2
     Stratford, CT 06615
     Tel. (203) 870-8254
     Fax (203) 306-3275
     Laurenbec@aol.com

<u>CERTIFICATION</u>

     I hereby certify that on this 5th day of February, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                <u>/s/ Daniel S. Blinn</u>
                Daniel S. Blinn