UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORALYS NEGRON and ) <br> FRANCISCO NEGRON, ) <br>    Plaintiffs ) <br> ) <br> v. ) <br> ) <br> PATRIOT AUTO SALES, LLC AND ) <br> JASON WINER, ) <br>    Defendants ) <br> _____ ) | CIVIL ACTION NO. <br> 3:17-CV-00583-JCH <br><br><br><br><br><br><br><br><br> APRIL 3, 2019 |

### Plaintiff's Supplemental Proposed Conclusions of Law

**A. Patriot's Liability Under TILA**

1. Patriot Auto Sales, LLC ("Patriot") is in default for failing to appear in this case and the court is justified in entering judgment against it.[1]

2. The court may deem all well-pleaded allegations of the complaint as admitted by Patriot in default.[2]

3. Judgment may enter against Patriot irrespective of any findings of fact or conclusions of law made with respect to Defendant Jason Winer ("Winer").[3]

---

[1] *GE Group Life Assurance Company v. Ruzynski,* 2004 WL 243346 (D. Conn. 2004); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999).

[2] *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997).

[3] *Shanghai Automation Instrument Co. v. Kuei*, No. C00-4822 PJH (EMC), 2001 WL 34057903, at *10 (N.D. Cal. 2001) ("[A] finding of liability as to one defendant is consistent with a finding of no liability as to others."); *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257 (7th Cir.1980) (Default judgment may enter when different results as to different parties not logically inconsistent); *Whalen v. Abell*, 953 F.2d 663, 674 (D.C.Cir.1992) (default order improper where liability "is truly joint—that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable"); *Carter v. District of Columbia*, 795 F.2d 116, 137 (D.C.Cir.1986); *International Controls Corp. v. Vesco*, 535 F.2d 742, 746 (2nd Cir.1976); *Martin v. Coughlin*, 895 F.Supp. 39, 43 (N.D.N.Y.1995); *State of Florida ex rel. Dept. of Ins. of State of Florida v. Countrywide Truck Ins. Agency, Inc.*, 602 N.W.2d 432, 438 (1999).

4.  Patriot is a creditor as the term is defined by TILA. Patriot was the named creditor on the retail installment sales contract. TILA defines a creditor as the person to whom the debt arising from the consumer credit transaction is initially payable on the face of evidence of indebtedness[4] and a person who regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.[5]

5.  Patriot violated the Truth in Lending Act ("TILA") by charging more for the Vehicle than the advertised price, by utilizing a cash price that was greater than the advertised amount, and by failing to apply the full down payment to the purchase. Some or the entire increased price was added as an incident to the extension of credit because United Consumer Finance ("UCF"), a subprime lender, charged a fee to accept assignment of the contract. This increased price would not have been charged in a comparable cash transaction to purchase the vehicle and it was not disclosed that this increased price was a finance charge.

The purpose of TILA is to ensure the accurate and meaningful disclosure of the cost of consumer credit and to enable consumers to make informed choices in the credit marketplace. It prohibits burying the cost of credit in the price of the goods sold.[6] Regulation Z of TILA[7] addresses the burying of a "finance charge" as part of the "cash price" by its definition of these terms. Cash price is defined as:

> The price at which a creditor, in the ordinary course of business, offers to sell for cash the property or service that is the subject of the transaction. At the creditor's option, the term may include the price of accessories, services related to the sale,

---

[4] 15 U.S.C. § 1602(g)(2).
[5] 15 U.S.C. § 1602(g)(1); see ¶ 33 of Amended Complaint (alleging that "Patriot is a "Creditor" within the meaning of the Truth in Lending Act" .
[6] *Mourning v. Family Publications Serv.*, Inc., 411 U.S. 356, 366 (1973).
[7] 12 CFR Part 226.

service contracts and taxes and fees for license, title, and registration. The term does not include any finance charge.

"Finance charge" is defined broadly in Reg. Z to include both direct and indirect amounts paid as an incident to or a condition of the extension of credit. Reg Z., § 226.4(a), provides as follows:

> The finance charge is the cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit. It does not include any charge of a type payable in a comparable cash transaction.

By increasing the price of the Vehicle on account of fees charged and failing to include these fees a part of the finance charge constituted a violation of TILA by Patriot and Winer.

6. Patriot violated the TILA by failing to provide Coralys Negron and Francisco Negron with copies of the contract documents that included the disclosures mandated by 15. U.S.C. § 1638. Section 1638 provides that, in non-open ended credit transactions (such as the transaction in the instant case), the creditor must disclose the identity of the creditor required to make the disclosures, the amount financed, a statement of the consumer's right to obtain a written itemization of the amount financed, the finance charge, the APR, the total of payments, the number, amount and due dates or period of payments scheduled to repay the total payments, as well as make other disclosures.[8]  Regulation Z further mandates that the disclosures required by 15 U.S.C. § 1638 must be made "clearly and conspicuously in writing, in a form that the consumer may keep."[9]

7. Patriot never provided copies of the retail installment sales contract with TILA disclosures to the Plaintiffs.[10]

---

[8] 15 U.S.C. § 1638.
[9] 12 C.F.R. 226.17(a)
[10] 15 U.S.C. § 1638.

8.     Plaintiffs are entitled to statutory damages of $2,000 under the Truth in Lending Act. Patriot is liable to Plaintiffs for statutory damages of double the finance charge, but not less than $200 and no more than $2,000.[11] In this case, the finance charge was $3,366.43, so the maximum statutory damages of $2,000 are recoverable.

### B. Supplemental Jurisdiction of Remaining Claims

9.     Supplemental jurisdiction exists for all state law claims asserted against Patriot and Winer, because they form part of the same case or controversy. The state law claims for violations of the Retail Installment Sales Finance Act ("RISFA"), breaches of warranty, forgery, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") arise out of a common nucleus of operative fact.[12]

### C. Patriot Liability Under RISFA

10.    Patriot is a "lender", as defined by RISFA, because it is a person who extends or offers to extend credit to a retail buyer under an installment loan contract.[13]

11.    Patriot violated RISFA by inaccurately listing the amount paid for a down payment, failing to accurately state the amount financed, and by failing to provide Plaintiffs with a copy of the Contract. Conn. Gen. Stat. §36a-771(a) requires that all essential provisions of the contract be included in a retail installment contract, and it further requires that a copy of the contract be delivered to the buyers at the time that they sign the contract. The above described TILA violations constitute a RISFA

---

[11] 15 U.S.C. § 1640(a).
[12] *Montanez v. D & D Auto, LLC*, No. 3:15-CV-397 (VAB), 2016 WL 1254199, at *8 (D. Conn. 2016) (Court extended supplemental jurisdiction for state law fraud, misrepresentation, breach of covenant of good faith and fair dealing, CUTPA, and breach of warranty when federal jurisdiction (28 U.S.C. § 1331 and 16 U.S.C. § 1640(e)) was found under TILA); *see also People ex rel. Abrams v. Terry*, 45 F.3d 17, 23 n.7 (2d Cir. 1995) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))
[13] Conn. Gen. Stat. § 36a-770(c)(8).

violation, as the federal act is incorporated by reference.[14]

12.     For violation of RISFA, a consumer has the right to rescind the contract by restoring the seller to its position as nearly as possible, and the buyer is entitled to recover the amount paid for a vehicle without any set-off for usage.[15]

### D. Civil Forgery By Winer

13.     Winer committed forgery when he forged Plaintiffs' signature on a purchase order, a consumer loan application, and an automatic loan payment authorization. He is liable to Plaintiffs for double their actual damages.[16]

### E. Breach of Implied Warranty of Merchantability

14.     The implied warranty of merchantability applied to this transaction, which is implied in any sale of goods by a merchant seller.[17] To recover under for said breach, one must prove (1) that a merchant sold goods, (2) which were not merchantable at the time of sale, and (3) injury and damages to the plaintiff or his property (4) were caused proximately and in fact by the defective nature of the goods, and (5) that notice was given to the seller of injury.[18]

15.     Although Connecticut law permits car dealerships to disclaim implied warranties for vehicles more than six years old, a dealership may not sell a vehicle on an "AS IS" basis unless it has strictly complied with the requirements of Conn. Gen. Stat. § 42-224(b), which requires that a dealership have the buyer sign a box that contains the required disclaimer language in the requisite typeface and format – which

---

[14] Conn. Gen. Stat. § 36a-771(b).
[15] *Barco Auto Leasing v. House,* 202 Conn. 106 (1987).
[16] Conn. Gen. Stat. § 52-565.
[17] Conn. Gen. Stat. § 42a-2-314.
[18] *Nassar v. Wiz Leasing, Inc.*, No. NNHCV126033894S, 2013 WL 4734851, at *4 (Conn. Super. Ct. Aug. 12, 2013).

did not occur in this case.[19]

16.     There were breaches of the implied warranty of merchantability. Patriot and Winer sold the Vehicle to Plaintiffs. The engine was defective at the time of sale. The defective engine rendered the Vehicle useless. Plaintiffs provided notice to Patriot and Winer that the engine was defective.

### F.  Breach of Express Warranty

17.     There were express warranties. Express warranties by the seller are created as follows: (a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but the affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.[20] Winer expressly stated that Vehicle's engine was in good condition. Such statement was an affirmation of fact that became part of the basis of the bargain.

There were breaches of express warranties. Patriot and Winer breached the express warranty because the Vehicle had a defective engine at the time of sale. Patriot

---

[19] Conn. Gen. Stat. § 42-224(a); Johnson v. Road Ready Used Cars, No. 3:2015cv00271 - Document 57 (D. Conn. 2016)(disclaimer was signed but not in required typeface; implied warranty of merchantability applied)
[20] *Goldwater v. Ollie's Garage*, No. 357372, 1998 WL 83144, at *2–3 (Conn. Super. Ct. Feb. 18, 1998) citing Conn. Gen. Stat. § 42a-2-313.

and Winer's statements regarding the engine induced Coralys to buy the Vehicle, but it was defective from the time of purchase.

## G. CUTPA

18.    Winer's actions constituted violations of the Connecticut Unfair Trade Practices Act for which Plaintiffs have suffered an ascertainable loss. A practice is determined unfair under the following criteria: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or within the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; or (3) whether it causes substantial injury to consumers, competitors or other businesspersons. All three criteria do not need to be satisfied to support a finding of unfairness. A violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy.[21]

Patriot and Winer violated CUTPA in six distinct ways:

(1)  The violations of TILA and RISFA as aforedescribed;

(2)  The operation of an unlicensed dealership by Winer under the auspices of Patriot's license with Patriot's knowledge and consent.

(3)  The failure to credit Plaintiffs' full down payment to the transaction;

(4)  The failure to provide Francisco Negron with written notice of his rights and obligations as a cosigner as required by the Federal Trade Commission's Credit Practices Rule.

---

[21] *Ulbrich v. Groth*, 310 Conn. 375, 409–10, 78 A.3d 76, 100 (2013)

    (5)  The sale of the vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), which prohibits dealerships from failing to sell vehicles for the advertised price.

    (6)  The misrepresentation of the condition of the Vehicle, a violation of Conn. Gen. Stat. § 42-225, a *per se* violation of Conn Agency Reg. § 42-110b-28(b)(23), which establishes the violation of any state or federal regulation regarding the sale of motor vehicles as an unfair trade practice.

Plaintiffs suffered an ascertainable loss of money or property in that they were obliged to pay a greater debt to UCF, the paid $495 more than the advertised price, they lost their $2,000 down payment, they lost use of the Vehicle and they were hindered in their ability to obtain another vehicle due to the retention of their down payment and the debt claimed by UCF.

    19.    Plaintiffs are entitled to the return of their down payment of $2,000. Plaintiffs effectively revoked acceptance due to Winer and Patriot's breaches of the implied warranty of merchantability and breach of express warranty. Upon a justifiable revocation of acceptance, Plaintiffs may cancel and recover so much of the purchase price as has been paid. [22]

    The conditions for a buyer who seeks to justify revocation of acceptance are: (1) a nonconformity which substantially impairs the value to the buyer; (2) acceptance (a) with discovery of the defect, if the acceptance is on the reasonable assumption that the nonconformity will be cured, or (b) without discovery of the defect, when the acceptance is reasonably induced by the difficulty of the discovery or the seller's assurances; (3) revocation within a reasonable time after a nonconformity was discovered or should

---

[22] Conn. Gen. Stat. § 42a-2-608; *Conte v. Dwan Lincoln-Mercury, Inc.*, 172 Conn. 112, 120 (1976).

have been discovered; and (4) revocation before a substantive change occurs in the condition of the goods not caused by their own defects.[23]

Plaintiffs met all the requirements of the revocation. (1) The defective engine completely impaired value to Plaintiffs; (2) Winer's statements regarding the engine's good condition induced purchase and concealed the presence of any defect; (3) revocation was made within a reasonable period after defect in the engine was discovered; and (4) a substantive change had not occurred in the condition of the Vehicle. As such, Plaintiffs revoked their acceptance of the Vehicle and provided notice thereof to Patriot and to Winer.

20. Plaintiffs are entitled to attorney's fees pursuant to the Truth in Lending Act, Connecticut Unfair Trade Practices Act and the Magnuson-Moss Warranty Act ("MMWA").

21. Consumers are to be awarded TILA attorney fees in any successful action.[24] The award pursuant to TILA is mandatory.[25]

22. Plaintiffs are also entitled to attorney's fees under CUTPA. In any action brought by a person under CUTPA, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery.[26]

23. Plaintiffs' claim for the breach of the implied warranty of merchantability was brought pursuant to the MMWA[27]. Under the MMWA, if a consumer finally prevails he or she may be allowed by the court to recover as part of the judgment a sum equal to

---

[23] *Id.*
[24] 15 U.S.C. § 1640(a)(3).
[25] *Christianburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 415 n.5, 98 S.Ct. 694, 54 L.Ed. 2d 648 (1978)(Title VII).
[26] Conn. Gen. Stat. §42-110g(d).
[27] 15 U.S.C. § 2310(d)(1)

the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by Plaintiffs or in connection with the commencement and prosecution of such action. The court, in its discretion, shall determine that such an award of attorneys' fees would be inappropriate.[28]

24.     Plaintiffs are entitled to punitive damages pursuant to CUTPA.[29] Winer and Patriot acted particularly unfairly and deceptively by selling Plaintiffs a defective vehicle by mispresenting its apparent defects. Punitive damages serve the broad remedial goals of eliminating or discouraging unfair or deceptive acts or practices.[30]

25.     Plaintiffs are entitled to post judgment interest at the rate of 10%.[31]

                        PLAINTIFFS, CORALYS NEGRON and
                        FRANCISCO NEGRON

                        By: /s/ *Daniel S. Blinn*
                             Daniel S. Blinn (ct02188)
                             dblinn@consumerlawgroup.com
                             Consumer Law Group, LLC
                             35 Cold Spring Rd. Suite 512
                             Rocky Hill, CT  06067
                             Tel. (860) 571-0408
                             Fax (860) 571-7457

---

[28] 15 U.S.C. § 2310(d)(2)
[29] Conn. Gen. Stat. § 42-110g; *Societa Bario E. Derivati v. Kaystone Chem., Inc.*, No. 5:90-CV-599 (EBB), 1998 WL 182563, at *10 (D.Conn. 1998)
[30] *Id.*
[31] Conn. Gen. Stat. § 37-3a; *Ulbrich v. Groth*, 310 Conn. at 461.

## CERTIFICATION

I hereby certify that on this 3rd day of April 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

   /s/ Daniel S. Blinn
Daniel S. Blinn