## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CORALYS NEGRON ET AL

V.                                      CASE NO. 3:17-CV-00583 JCH

PATRIOT AUTO SALES, LLC, ET AL    June 8, 2020

## MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR POST-APPEAL ATTORNEY'S FEES

Pursuant to Connecticut Federal Local Rule 7(a)(2), the Defendant Jason Winer herein

submits the foregoing Memorandum of Law in opposition to the Plaintiff's Motion for Post-

Appeal Attorney's fees.

## RELEVANT FACTS, LAW AND ARGUMENT

The Plaintiff's are seeking reimbursement for Attorney's fees and costs of travel and lodging

in New York, in connection with responding to the Defendant's Winer appeal.  The

Plaintiff's are also seeking Attorney's fees in connection with filing post judgment

interrogatories.  The total amount claimed by the Plaintiff's is $22,650.00.

This Court previously granted an award of Attorney's fees to the Plaintiff's in connection

1

with pre-trial and trial proceedings.  The award of Attorney's fees was pursuant to

The Magnuson Moss Warranty Act and The Connecticut Unfair Trade Practices Act,

respectively.

The Plaintiff's in support of its claim for post-appeal Attorney's fees and costs relies on

four cases namely: *Nigh v. Koons Buick Pontiac GMC*, 478 F.3d 183 (4th Cir. 2007),

*Holmes v. LG Marion Corp.*, 521 S.E.2d 528 (Va. 1999), *Lavene   v. Winnebago Indus.*, 702

N.W. 2d 652 (Mich. Ct. app. 2005),  and Gill v. Bluebird Body Co, 353 F. Supp 2d 1265

(M.D. Ga. 2005).

In *Nigh*, supra, the Plaintiff, inter alia, received a favorable jury verdict against the

Defendant for violations of the Truth in Lending Act ("TILA").  After a remand from the U.S.

Supreme Court the District Court awarded Attorneys fees to the Plaintiff in connection with

responding to the appeal to the 4th Circuit  as well as to  the Supreme Court.  The 4th Circuit

affirmed the District Court's award of Attorney's fees.  Id.  The problem with the Plaintiff's

use of the *Nigh* case to support its award of post-appeal Attorney's fee is that the analysis

done by the 4th Circuit is pursuant to 15 U.S.C. 1640(a)(3) of TILA.  This Court ruled against

the Plaintiff's and in favor of the Defendant Winer in connection with Counts of the

Complaint related to violations of TILA.  Therefore, the *Nigh* case does not support an award

of post-appeal Attorney's fees for Plaintiff's under the Magnuson Moss Warranty Act or the

2

Connecticut Unfair Trade Practices Act. (The Plaintiff's also cites the case of *Jenkins* v. *Missouri,* 127 F.3d 709, (8th Cir. 1997). The Jenkins case involved a desegregation case in which the Plaintiff's attempted to get Attorney's fees under the Civil Rights Attorneys Fees Act of 1976 for their defense of the matter in the US Supreme Court. The 8th Circuit ruled that the Plaintiff's did not prevail in the US Supreme Court and therefore were not entitled to any legal fees under the Civil Rights Attorneys Fees Act of 1976. The Jenkins cases does not authorize any claim the Plaintiff's have in this matter for Attorneys Fees under the Magnuson Moss Warranty Act or the Connecticut Unfair Trade Practices Act).

In *Lavene v. Winnebago* Indus., Supra, The Michigan Court of Appeals determined that Appellate Attorney's fees under Michigan Consumer Protection Act were allowable. The Court in *Lavene*, supra., ruled that costs such as for depositions, expert witnesses fees, copying, postage and delivery and Appellate Attorney's fees may be awardable under the Magnuson Moss Warranty Act. Supra, at 658. However, the Plaintiff's offer no authority under Connecticut Law or the Second Circuit which would authorize Appellate Attorneys under the Magnuson Moss Warranty Act or the Connecticut Unfair Trade Practices.

In *Holmes v. LG Marion Corporation*, Supra., the Plaintiff brought claims under the Virginia Consumer Protection Act and the Magnuson Moss Warranty Act. The Trial Court struck the claims presented by the Plaintiff in connection with the Magnuson Moss Warranty Act. Id. The Trial Court in a bench trial awarded the Plaintiff damages under the Virginia Consumer

3

Protection Act only. The Trial Court awarded Attorney's fees to the amount of actual damages which was $4000.00 Id.  The Plaintiff appealed the award, inter alia, of Attorneys fees and the Supreme Court of Virginia affirmed the award of Attorney's fees. Id. Therefore, the Homes case does not stand for any authority that would award Appellate Attorney's fees and costs to the Plaintiff's in the case at bar under the Magnuson Moss Warranty Act or the Connecticut Unfair Trade Practices Act.

In *Gill v. Bluebird Body Co.*, supra, this was a consumer matter tried to the District Court in the middle district of Georgia.  After a successful jury verdict and award of damages to the Plaintiff, the Trial Court then per motion by the Plaintiff awarded Attorneys fees and costs in connection with the prosecution of the lower court matter. Id.  This case had nothing to do with a claim for post-appeal Attorney's fees as the Plaintiff's are seeking in this matter and should not be considered whatsoever by this Court in the case at bar.

Therefore, it is the Defendant Winer's contention that the Plaintiff's have not provided sufficient authority for this Court to award post-appeal Attorneys and costs pursuant to the Magnuson Moss Warranty Act or the Connecticut Unfair Trade Practices Act.  If this Court does find such authority the Defendant asserts that the Attorney's fees requested by the

4

Plaintiff's are excessive in the light of the Attorney's fees already awarded and should be

reduced accordingly.

Defendant Jason Winer

BY _____

Lauren Winer Beck, Esq.
30 Ferry Boulevard Unit 2
Stratford, Connecticut 06615
P- 203-870-8254
F- 203-306-3275
Email: Laurenbec@aol.com
Fed Bar no. ct 29288

5

**CERTIFICATION OF SERVICE**

I hereby certify that on June 8, 2020  a copy of the foregoing was

filed electronically and served by mail on anyone unable to accept

electronic filing.  Notice of this filing will be sent

by operation of the Court's electronic filing system.

**Lauren Winer Beck, Esq.**